IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RATHBURN, | § | CIVIL ACTION NUMBER |
|    Plaintiff | § | |
| | § | |
| v. | § | 10- |
| | § | |
| SHARINN & LIPSHIE, P.C. and | § | |
| NCO PORTFOLIO MANAGEMENT, | § | JURY TRIAL DEMANDED |
|    Defendants. | § | |

PLAINTIFF'S COMPLAINT FOR DAMAGES
UNDER 15 U.S.C. §1692 AND FOR DAMAGES AND INJUNCTIVE
RELIEF UNDER CHAPTER 392 TEXAS FINANCE CODE

## INTRODUCTION

1.    This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Act, Texas Finance Code § 392, *et seq.* (hereinafter "TDCA").

## JURISDICTION AND VENUE

2.    The Court's jurisdiction is conferred by l5 U.S.C. § l692k and 28 U.S.C. §1337.

3.    Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

4.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.    Venue in this district is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

1

6.     Venue is also proper in this district because Defendants transact business in the District, Plaintiff resides in this district and the interests of justice require maintenance of this action in this district.

**PARTIES**

7.     Plaintiff, John Rathburn is a natural person who has resided at all relevant times in Bellaire, Texas.

8.     Mr. Rathburn is a consumer as defined in the FDCPA § 1692a(3).

9.     Defendant Sharinn & Lipshie (hereinafter "S&L") is a New York law firm engaged in the business of collecting debts, with its principal place of business located at 333 Earle Ovington Boulevard, Suite 302, Uniondale, NY 11553.

10.     S&L's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

11.     S&L is a debt collector as defined in the FDCPA §1692a(6) and a debt collector engaging in collection as defined in the TDCA §§ 392.001(5) and (6).

12.     Defendant NCO Portfolio Management (hereinafter "NCO") is a  business that buys purportedly past due/defaulted upon consumer debt  from banks, credit card companies, and other debt buyers and attempts to collect those debts – either by itself or through its agents.

13.     NCO, a Delaware Corporation, is engaged in the business of collecting debts in this state, is a bonded debt collector with the Texas Secretary of State, and maintains its principal place of business at 507 Prudential Road, Horsham, Pennsylvania, 19044.

14.   NCO's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due another.

15.   NCO is a debt collector as defined in the FDCPA §1692a(6) and a debt collector and third-party debt collector engaging in debt collection as defined in the TDCA §§ 392.001(5) , (6), and (7).

## SUMMARY OF VIOLATIONS

16.   The Defendants filed a time-barred suit against Plaintiff.

17.   Defendant S&L swore that Plaintiff had been served in that suit in 2008 at a building that Plaintiff left in 2007 and that was physically demolished before service was attempted.

18.   Defendant S&L has a pattern of obtaining default judgments through improper service.

19.   Defendants enforced a default judgment by restraining funds in Plaintiff's bank accounts in an amount four times greater than the amount of the judgment, where, even if they had a valid judgment, Defendants could have only frozen twice the amount of the judgment.

20.   Even after the judgment was vacated, Defendants failed to return the funds taken from Plaintiff, in violation of a court order.

## FACTS

21.   On July 1, 2008, Defendants filed a lawsuit against Mr. Rathburn in New York City Civil Court, New York County titled NCO Portfolio Management Assignee of B of A v. John Rathburn, Index Number 41558/2008 (hereafter "New

York action").

22.    The complaint in the New York action identifies NCO as the "assignee of B of A" and alleges that Mr. Rathburn owed $14,575.77 to NCO.  Exhibit 1.

23.    On July 25, 2008, an Affidavit of Service was filed in the New York action alleging that service of process had been made on Mr. Rathburn on July 21, 2008 by affixing a copy of the summons and complaint to the front door of the premises at 54 West 13th Street, Middle Apartment, New York, NY 10011 and mailing an additional copy to that same address on July 21, 2008. Exhibit 2.

24.    The Affidavit of Service is false.

25.    Although Mr. Rathburn had lived at 54 West 13th Street, New York, NY, he – along with all other residents of the building – was forced to permanently vacate the building on or about October 2007.

26.    Since December 2007, Mr. Rathburn has lived with his family in Bellaire Texas.

27.    Moreover, in or around April 2008, the building at 54 West 13th Street, New York, NY 10011 was demolished; and on July 21, 2008, based on New York City Department of Building records, 54 West 13th Street, New York, NY 10011 was a vacant parcel of land.

28.    Upon information and belief, S&L gave the 54 West 13th Street, New York, NY address to its process server and directed that service be made on Mr. Rathburn, at a building where he did not reside and which no longer existed.

29.    As a result, Mr. Rathburn never received notice of NCO's lawsuit against him

4

in New York.

30.    Despite these deficiencies, Defendants, who knew or should have known that Mr, Rathburn had never received service of the summons and complaint, proceeded with the New York action and on or about January 25, 2010, Defendants moved for default judgment against Mr. Rathburn.

31.    In support of the judgment, Defendants submitted an "Affidavit of Fact" sworn to by NCO employee Sabrina Branch on November 18, 2010. Exhibit 3.

32.    In her Affidavit Ms. Branch swears to having "personal knowledge regarding account number {*blank*}[1] which is made the subject of the lawsuit, including: the name and address of the debtor; the history of all charges representing purchases, cash advances; finance charges, fees imposed; payments made and credits received; and the outstanding balance due."

33.    Ms. Branch, as an employee of NCO, also attested to the details of Mr. Rathburn's interactions with "B of A" regarding his application for a credit card, use of a credit card, the provision of monthly statements that described the amount due on the credit card, and the nature of the alleged default on the credit card.

34.    Upon information and belief, Ms. Branch's affidavit is a form affidavit that Defendants use in thousands of consumer collection cases throughout New York and other states.

35.    Defendants knew or should have known that Ms. Branch's affidavit was patently false, because Defendants knew or should have known that Ms. Branch

---

[1] Account number redacted for the protection of Plaintiff.

was a stranger to any alleged transactions between Mr. Rathburn and Bank of America, was not employed by Bank of America when she swore to personal knowledge of Plaintiff's alleged account with Bank of America, and, therefore, could not possibly have personal knowledge of Mr. Rathburn's application for and use of any credit card account with Bank of America.

36.    Accordingly, separate and independent of the impropriety of filing a time-barred complaint and directing service at an address that it knew or should have known was not Mr. Rathburn's residence, Defendants knew or should have known that Defendants filed a false and deceptive document with the New York City Civil Court when they submitted Ms. Branch's affidavit as the solitary piece of evidence of indebtedness in support of default judgment.

37.    Separate and independent of the impropriety of filing a time-barred complaint and directing service at an address that it knew or should have known was not Mr. Rathburn's residence, Defendants also submitted a false and misleading Attorney Affirmation from Amanda Moreno, a staff attorney at S&L, which was signed on January 15, 2010. Exhibit 4.

38.    Ms. Moreno affirmed that "[a]fter reasonable inquiry, [she had] reason to believe that the statute of limitations ha[d] not expired at the time this action was commenced."

39.    Ms. Moreno made this affirmation despite the fact that she knew or should have known that Bank of America, the assignor of the underlying account, is a Delaware corporation and that under New York CPLR § 202, Delaware's three-year

6

statute of limitations would apply to any claims for non-payment on an account held by a Delaware corporation.

40.     Ms. Moreno also made this affirmation despite the fact that she knew or should have known, that Defendants' records indicated that no payments had been made on the underlying Bank of America account since February 2003 and that, for this reason, more than 3 years had passed since any alleged default by Mr. Rathburn.

41.     Judgment for $14,498.84 was entered by the New York City Civil Court Clerk on March 1, 2010. Exhibit 5.

42.     Although Defendants knew or should have known that the judgment was based on time barred claims, bad service, and false and deceptive statements, – and thus, was invalid as a matter of law –Defendants used the judgment to place restraints on two of Mr. Rathburn's bank accounts, restraining $29,097.68 from Mr. Rathburn's Chase account on April 9, 2010 and $28,997.68 from his Citibank account on April 16, 2010.

43.     Under New York law, a judgment creditor is authorized to restrain only double the amount of a judgment.

44.     Separate and independent of the impropriety of filing a time-barred complaint and entering a judgment based on bad service and false and deceptive documents, Defendants violated New York law by restraining $58,095.36 – over four times the amount of the judgment.

45.     And having illegally restrained over four times the amount of the judgment,

Defendant's then withdrew $11,663.27 from Mr. Rathburn's Chase account, on April 29, 2010.

46.     After discovering the restraints, Mr. Rathburn called Defendant S&L on the telephone and spoke with a S&L employee named Keith Harrison.

47.     Plaintiff informed Mr. Harrison that he lived in Texas, had been living in Texas since he moved out of his apartment at 54 West 13th Street, New York, NY 10011 in October 2007, and that he was forced out of the apartment because the owner planned on demolishing the building.

48.     Mr. Harrison insisted that Defendants had obtained a valid judgment against Mr. Rathburn, refused to release any of the money that had been taken or restrained, and refused to do anything about the fact that Plaintiff had never been given notice of the New York action.

49.     Mr. Harrison also confirmed that Defendants' records showed that the last payment on the underlying Bank of America credit account had been made in February 2003.

50.     On July 21, 2010, Mr. Rathburn, represented by Schlanger & Schlanger, LLP, filed an Order to Show Cause to vacate the default judgment and dismiss the complaint in New York City Civil Court.

51.     On July 29, 2010, the Honorable Manuel J. Mendez of New York City Civil Court ordered the immediate release of all restraints and the return of all money taken from any of Mr. Rathburn's accounts, pending a final decision on Mr. Rathburn's motion to vacate and dismiss.

52.     On August 13, 2010 Judge Mendez issued a final order vacating the judgment and dismissing the complaint with prejudice based, inter alia, on flagrant lack of service and the claim being time-barred under New York CPLR § 202, which applies Delaware's three-year statute of limitations to claims for non-payment on consumer accounts where the original creditor is, like Bank of America, a Delaware corporation.

53.     On or about August 9, 2010 and again on or about September 23, 2010, Mr. Rathburn's counsel, Schlanger & Schlanger, LLP, sent letters to S&L demanding that S&L comply with Judge Mendez's order to release all restraints and return any money that has been taken from Mr. Rathburn's account.

54.     To date, Defendants have not returned the $11,663.27 taken from Mr. Rathburn, although they were ordered to do so immediately, over 2 months ago by order of the New York City Civil Court.

55.     Upon information and belief, Defendants' motion for default judgment against a consumer defendant that has never been served, far from being an isolated instance, is part of a policy and practice by which Defendants instruct that consumers be served at addresses at which Defendants know or should know the consumer does not reside, with the knowledge that the vast majority of claims filed will result in default judgments.

56.     Upon information and belief, Defendants' use of a form affidavit that falsely claims to be based on the personal knowledge of the affiant in support of a motion for default judgment against a consumer, far from an anomaly, is part of a policy

and practice by which Defendants submit a fraudulent affidavit – sworn to by a debt-buyer employee who is incapable of possessing the required personal knowledge of an underlying credit account – knowing that the affidavit will not be meaningfully reviewed by the Court clerk before entering judgment against the absent consumer, on default, or in a case in which the consumer appears, that the typical consumer will not be aware of the inaccuracy, understand its significance, or know how to raise the issue with the Court.

57.    All pleadings and motions in the New York action were signed by Amanda Moreno, Esq. of S&L.

58.    Upon information and belief, this action was one of about 10,000 consumer collection actions filed by S&L in 2008, in the New York State Supreme and Civil Courts.

59.    Upon information and belief, Ms. Moreno signs hundreds, if not thousands, of pleadings and motions filed in New York State Supreme and Civil Courts each year.

60.    Because these figures do not include any filings in Nassau County District Court, the state court jurisdiction in which S&L's main office is located, or any filings in the many Courts whose dockets are not listed on the New York State Unified Court System's ECOURTS database, the actual number of consumer collection filings by S&L in 2008, on information and belief, was greater than 10,000.

61.    Upon information and belief, Ms. Moreno did not meaningfully review the motion for default judgment and supporting affirmation, before signing them and

causing them to be filed with the New York City Civil Court.

62.     Upon information and belief, Ms. Moreno's failure to review these documents before filing them, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-filing review is not as profitable as submission of pleadings, motions, and supporting affirmations without review, because the overwhelming majority of consumer collection actions are won on default or against unsophisticated pro-se litigants who are, as a practical matter, incapable of meaningfully challenging even the most deficient, boilerplate consumer collection pleadings and motions.

63.     Upon information and belief, no attorney at S&L conducted a meaningful review of the default judgment and supporting papers before enforcing the judgment by placing restraints on Mr. Rathburn's bank accounts.

64.     Upon information and belief, S&L's failure to review a default judgment and supporting papers before enforcing the judgment, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-enforcement review is not as profitable as enforcement without review, because the overwhelming majority of consumers who have their assets seized and wages garnished are, as a practical matter, incapable of meaningfully challenging and preventing a loss of income or property to the enforcement of invalid judgments.

## FIRST CAUSE OF ACTION

**The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA")**

65.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing

paragraphs.

66.    By undertaking the above referenced collection activities Defendants repeatedly violated 15 U.S.C. 1692 *et seq*.

67.    Specifically and without limitation, Defendants violated the FDCPA by:

a.    Collecting, threatening and/or attempting to collect a debt from Mr. Rathburn by filing suit against Mr. Rathburn, entering judgment, and enforcing that judgment, even though Defendants' knew or should have known the claims against Mr. Rathburn were time-barred at the time they were filed , in violation of §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f.

b.    Filing a false "Affidavit of Fact" and a false "Attorney Affirmation" in support of default judgment, in violation of §§ 1692e, 1692e(10), and 1692(f).

c.    Filing a Judgment and supporting attorney affirmation against Mr. Rathburn in the New York action that were deceptive and misleading because they were signed by an attorney but were not meaningfully reviewed by an attorney, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

d.    Providing an address to a process server that Defendants knew or should have known was not the residence of Mr. Rathburn and would result in Mr. Rathburn's default,  in violation of §§ 1692e, 1692e(10), and 1692(f).

e.    Collecting, threatening and/or attempting to collect a debt from Mr. Rathburn by entering judgment against Mr. Rathburn and enforcing that

judgment, despite the flagrant and obvious failure to serve Mr. Rathburn, stemming from, *inter alia*, Defendants' provision of an address to the process server that Defendants knew or should have known was not Mr. Rathburn's residence, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

f.       Using a judgment from the New York City Civil court to place a restraint on over four times the judgment amount, in violation of §§ 1692e, 1692e(5), 1692e(10), 1692(f), and 1692(f)(1).

g.       Failing to return money that was taken in enforcement of a New York City Civil Court judgment from a consumer's account after the Court ordered the judgment vacated, the case dismissed with prejudice, and that all funds taken or restrained be returned, in violation of 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

68.   As a result of these violations of the FDCPA, Plaintiff has suffered actual damages including, without limitation, sleep deprivation, stomach pains, anxiety, and pecuniary losses.

69.   Mr. Rathburn's actual damages also include the cost of retaining counsel to defend and dismiss the New York action.

70.   As a result of these violations, Mr. Rathburn is also entitled to statutory damages of up to $1,000, actual damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* (TDCA)**

71.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

72.    By undertaking the above actions, including but not limited each of the unfair and deceptive actions listed in paragraph 66 subsections a-g, Defendant NCO Portfolio Management violated the TDCA by:

    a.    Defendant threatened to take and/or did take an action prohibited by law in violation of Tex. Fin. Code § 392.301(a)(8); and

    b.    Defendant used false representations and deceptive means to collect a debt, in violation of Tex. Fin. Code. § 392.304(a)(19).

73.    As a result of these violation of the TDCA, under Tex. Fin. Code Ann. § 392.403 Defendant is liable to Mr. Rathburn for statutory damages, actual damages, injuctive relief, declaratory relief, costs, and reasonable attorneys fees.

## <u>PRAYER</u>

**WHEREFORE** plaintiff respectfully requests that this Court award:

    a.  On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

    b.  On the SECOND CAUSE OF ACTION (TDCA), Declaratory Judgment that Defendant's conduct violated the TDCA, actual damages, statutory damages,  and injunctive relief in the form of an order for the return of Plaintiff's funds in the amount of $11,663.27 which is being illegally held

by Defendant in violation of New York City Civil Court order;

   c.   And such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated:       November 9, 2010
               Bellaire, Texas

                            Respectfully Submitted,


                            __/s/ Ira D. Joffe _____
                            Ira D. Joffe
                            Texas Bar No. 10669900; SDTX No. 19308
                            Attorney in Charge for Plaintiff
                            15usca@gmail.com
                            6750 West Loop South, Suite 830
                            Bellaire, TX 77401
                            (713) 661-9898
                            (888) 335-1060 Fax

Plaintiff's Attorneys

Ira D. Joffe, Esq.
Law Office of Ira D. Joffe
6750 West Loop South, Suite 830
Bellaire, Texas 77401
Ph: (713) 661-9898
Fax: (888) 335-1060

Daniel A. Schlanger, Esq.
Peter T. Lane, Esq.
Schlanger & Schlanger, LLP[2]
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930

---

[2] New York counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendant appears.